The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| BRIAN TINGLEY<br><br>                Plaintiff,<br><br>    v.<br><br>ROBERT W. FERGUSON, et al.,<br><br>                Defendants. | NO. 3:21-cv-05359-RJB<br><br>JOINT DECLARATION OF LISA M. DIAMOND AND CLIFFORD J. ROSKY |

Lisa M. Diamond and Clifford J. Rosky declare as follows:

1. Our names are Lisa M. Diamond and Clifford J. Rosky.

2. Lisa M. Diamond is a professor of developmental psychology at the University of Utah, where she has been teaching since 1999. She received a Ph.D. from Cornell University in 1999 in Human Development (i.e., developmental psychology). Her areas of specialty include the nature and development of affectional bonds and the nature and development of same-sex sexuality. A true and correct copy of Dr. Diamond's CV is attached as Exhibit A.

3. Clifford J. Rosky is a professor of law at the University of Utah, where he has been teaching since 2008. He received a J.D. from Yale Law School in 2001. His areas of specialty include constitutional law and civil rights. He participated in the drafting of Utah Administrative Code R156-60 and R156-61, which prohibit licensed mental health therapists from subjecting minors to sexual orientation and gender identity change efforts by defining it

JOINT DECLARATION OF LISA M. DIAMOND AND CLIFFORD J. ROSKY
NO. 3:21-CV-05359-

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

as unprofessional conduct. A true and correct copy of Professor Rosky's CV is attached as Exhibit B.

4. We have reviewed the papers submitted by the Plaintiff in support of the Plaintiff's Motion for Preliminary Injunction in the above-referenced lawsuit. The Plaintiff and the declarant Dr. Christopher Rosik cite our work numerous times in those papers, including a paper we co-authored. *See* Lisa M. Diamond and Clifford J. Rosky, *Scrutinizing Immutability: Research on Sexual Orientation and U.S. Legal Advocacy for Sexual Minorities*, 53 J. Sex Res. 363 (2016) (hereinafter *Scrutinizing Immutability*). A true and correct copy of this article is attached as Exhibit C.

5. Counsel for the Plaintiff never requested that we serve as expert witnesses for the Plaintiff in the above-referenced lawsuit. Had they done so, we would have said the same thing we are saying here: Scientific evidence shows that sexual orientation change efforts are psychologically damaging to children and adolescents, increasing their risk of self-harm and suicide. Hence, they cannot be practiced ethically. This evidence-based conclusion fundamentally undermines the Plaintiff's position.

6. We are providing these clarifications of our work on a scientific, evidence-based basis. We do not have any other interest or involvement in this case. We have received no compensation for providing this declaration.

7. The Plaintiff has misconstrued our work and made assertions that are not supported by our work. Our work does not support the propositions for which the Plaintiff has cited it. Specifically, in the following passage, which appears on pages 11 and 12 of the Plaintiff's memorandum[1] in support of his Motion for Preliminary Injunction, the Plaintiff quotes or cites several statements from our paper, *Scrutinizing Immutability*:

---

[1] This refers to the ECF-stamped page numbers.

JOINT DECLARATION OF LISA M. DIAMOND AND CLIFFORD J. ROSKY NO. 3:21-CV-05359-

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Notably, internationally respected authors Professors Lisa Diamond and Clifford Rosky, who count themselves advocates for LGBTQ issues, reviewed the scientific literature in 2016 and concluded that "arguments based on the immutability of sexual orientation are unscientific, given that scientific research does not indicate that sexual orientation is uniformly biologically determined at birth or that patterns of same-sex and other-sex attractions remain fixed over the life course." Instead, Diamond and Rosky reported that "Studies unequivocally demonstrate that same-sex and other-sex attractions do change over time in some individuals,' and that the evidence for this is now even 'indisputable." (Rosik Decl. ¶¶ 17.) Indeed, Diamond and Rosky cite multiple longitudinal studies which found that many teens and young adults who initially experience some degree of same-sex attractions identified as exclusively heterosexual within a few years. (Rosik Decl. ¶¶ 22.)

8. The Plaintiff's quotations from our paper are extremely misleading. In our paper, we specifically distinguished between "[o]ne line of evidence concern[ing] the propensity of individuals to wilfully modify their pattern of sexual orientation *through sexual orientation change efforts*, or SOCE (often characterized as 'reparative therapy')," and "[a] second line of evidence concern[ing] whether sexual orientation appears to undergo longitudinal change *on its own, outside the context of therapeutic efforts*." *Scrutinizing Immutability*, 53 J. Sex Res. at 368 (emphasis added). In the passage quoted by the Plaintiff, we again distinguished between "[d]ata bearing on SOCE" and "data on '*naturally occurring*' change"—i.e., "change that occurs *outside the context of SOCE*." *Id*. We separately analyzed each type of data.

9. With respect to the "data bearing on SOCE," our conclusion was exceptionally clear: "SOCE are not only ineffective in changing sexual orientation but are psychologically damaging, often resulting in elevated rates of depression, anxiety, and suicidality." 53 J. Sex Res. at 368 (citing American Psychological Association (APA) Task Force on Appropriate Therapeutic Responses to Sexual Orientation, 2009). We also stated, drawing from the 2009 APA Task Force report, that "therapists cannot ethically offer individuals the promise of

JOINT DECLARATION OF LISA M. DIAMOND AND CLIFFORD J. ROSKY NO. 3:21-CV-05359-

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

changing their sexual orientation, given the lack of evidence that such permanent change can be therapeutically achieved." *Id.*

10. By contrast, the statements quoted by the Plaintiff were not about SOCE. As we further explained in the same paragraph quoted by the Plaintiff, these statements were about "change that occurs *outside the context of SOCE*"—"data on '*naturally occurring*' change to sexual orientation [that] come from studies that have longitudinally tracked large, population-based samples of heterosexual and sexual-minority individuals." 53 J. Sex Res. at 368 (emphasis added). The data from these studies do not include any information about SOCE. They have no bearing on the efficacy of SOCE at all.

11. In light of our paper's clear statement that SOCE is both "ineffective" and "damaging," our paper, *Scrutinizing Immutability*, does not support the Plaintiff's position in this case. On the contrary, it undermines and contradicts the Plaintiff's claims. Our statement that SOCE is "ineffective" and "damaging" is fully consistent with the Washington State Legislature's finding that "conversion therapy" causes "serious harms." S.B. 5722, § 1(2), 65th Legislature (2018 Regular Session), *enacted as* 2018 Wash. Sess. Laws, ch. 300.

12. Since our paper was published, several peer-reviewed studies have specifically found that the practice of SOCE and gender identity change efforts (GICE) on lesbian, gay, bisexual, and transgender (LGBT) minors is strongly correlated with anxiety, depression, and suicidality.

13. In 2018, Dr. Caitlyn Ryan et al. published *Parent-Initiated Sexual Orientation Change Efforts With LGBT Adolescents: Implications for Young Adult Mental Health and Adjustment*, Journal of Homosexuality, (2018) 67:2, 159-173, https://doi.org/10.1080/00918369.2018.1538407. In this paper, Ryan et al. found that 62.8% of lesbian, gay, and bisexual minors who had been subjected to "external conversion efforts" had attempted suicide—a rate nearly three times higher than other lesbian, gay, and bisexual minors. *Id.* at 168.

1  This finding was statistically significant, with a p value of less than .001. *Id.* A true and correct
2  copy of this article is attached as Exhibit D.

3        14.     In 2019, Dr. Jack Turban et al. published *Association Between Recalled Exposure*
4  *to Gender Identity Conversion Efforts and Psychological Distress and Suicide Attempts Among*
5  *Transgender Adults*, JAMA Psychiatry, (2019) 77(1):68-76, doi:10.1001/
6  jamapsychiatry.2019.2285. In this paper, Turban et al. found that "lifetime exposure to GICE
7  was significantly associated with multiple adverse outcomes, including . . . lifetime suicide
8  attempts." *Id.* at 73. With respect to minors, the study specifically found that "exposure to GICE
9  before age 10 years was significantly associated with several measures of suicidality, including
10 lifetime suicide attempts." *Id.* Again, the study found that more than 60% of transgender minors
11 subjected to GICE before age 10 attempted suicide. *Id.* at 74. Both of these findings were
12 statistically significant, with a p value of less than .001. A true and correct copy of this article is
13 attached as Exhibit E.

14       15.     In 2020, Dr. Amy Green et al. published *Self-Reported Conversion Efforts and*
15 *Suicidality Among US LGBTQ Youths and Young Adults*, American Journal of Public Health,
16 (2020) 110(8):1221-1227, doi: 10.2105/AJPH.2020.305701. In this study, Green et al. found that
17 "[r]elative to young people who had not experienced SOGICE, those [young people] who
18 reported undergoing SOGICE were more than twice as likely to report having attempted suicide
19 and having multiple suicide attempts in the preceding year." *Id*. at 1224. Both of these finding
20 were statistically significant, with a p value of less than .001. *Id*. A true and correct copy of this
21 article is attached as Exhibit F.

22       16.     In February 2021, the APA adopted the *Resolution on Sexual Orientation Change*
23 *Efforts*, available at: https://www.apa.org/about/policy/resolution-sexual-orientation-change-
24 efforts.pdf. With respect to SOCE, the APA found that "[t]he research on SOCE published since
25 APA's (2009) task force report and resolution has continued to support the conclusions that
26 former participants in SOCE look back on those experiences as harmful to them and that there

JOINT DECLARATION OF LISA M.
DIAMOND AND CLIFFORD J. ROSKY
NO. 3:21-CV-05359-

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

is no evidence of sexual orientation change." *Id.* at 3. A true and correct copy of the resolution is attached as Exhibit G.

17. The APA also noted that SOCE proponents "ha[ve] inaccurately applied evidence of sexual fluidity across the lifespan by distorting sexual fluidity as a justification for SOCE." Ex. G. at 3 (citing Diamond and Rosky, 2016). As the APA's Resolution aptly explained: "Rather than willful shifts in sexual orientation, fluidity describes changes in awareness, attractions, behaviors, and identities that unfold over time[.] However, that sexual orientation can evolve and change for some does not mean that it can be altered through intervention or that it is advisable to try." *Id.* (internal citation omitted).

18. We agree. As supported by recent peer-reviewed studies finding that SOCE is strongly correlated with suicidality among minors, we continue to stand by our paper's original statement: "SOCE are not only ineffective in changing sexual orientation but are psychologically damaging, often resulting in elevated rates of depression, anxiety, and suicidality." *Scrutinizing Immutability*, 53 J. Sex Res. at 368.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATE this **22** day of June 2021, at Salt Lake City, Utah.

_____
Lisa M. Diamond

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATE this 21st day of June 2021, at Salt Lake City, Utah.

_____
Clifford J. Rosky

JOINT DECLARATION OF LISA M. DIAMOND AND CLIFFORD J. ROSKY
NO. 3:21-CV-05359-    6    ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## DECLARATION OF SERVICE

I hereby declare that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System which will send notification to all counsel of record.

DATED this 25th day of June 2021, at Seattle, Washington.

*/s/ Brendan Selby*
BRENDAN SELBY, WSBA #55325
Assistant Attorney General

JOINT DECLARATION OF LISA M. DIAMOND AND CLIFFORD J. ROSKY
NO. 3:21-CV-05359-

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744