The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| BRIAN TINGLEY, <br><br>   Plaintiff, <br><br> v. <br><br> ROBERT W. FERGUSON, et al., <br><br>   Defendants. | NO. 3:21-cv-05359-RJB <br><br> DECLARATION OF MARLEE O'NEILL IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION |

I, Marlee O'Neill, declare as follows:

1. I am over the age of 18 and have personal knowledge of all the facts stated herein.

2. I am the Deputy Director of the Office of Investigative & Legal Services (OILS) for the Health Systems Quality Assurance Division (HSQA) within the Washington State Department of Health (DOH). I have served as the Deputy Director of OILS since 2016. I am an attorney, licensed to practice in Washington since November 2005. Prior to joining the Department of Health as a staff attorney in October 2011, I was employed by the Washington Office of the Attorney General (AGO) in the Government Compliance and Enforcement (GCE) Division from May 2007 until I left the AGO to join DOH. In the GCE Division, I was part of the team of assistant attorneys general responsible for litigating disciplinary cases for the health professions regulated by boards and commissions. I did not litigate the disciplinary cases for the health professions regulated by the DOH Secretary. The DOH Secretary cases are litigated by

DECLARATION OF MARLEE O'NEILL IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION NO. 3:21-cv-05359-RJB

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

the assistant attorneys general in the AGO's Agriculture and Health Division. Prior to joining the AGO, I prosecuted criminal cases for the City of Wenatchee.

3. In my role as OILS Deputy Director, working with the OILS Director, I have supervisory authority over DOH Investigators who investigate complaints received against licensed health care providers regulated by the DOH Secretary and professional regulatory boards and commissions, except the Washington Medical Commission (WMC) and the Nursing Care Quality Assurance Commission (NCQAC). In addition, I have supervisory authority over the DOH Staff Attorneys who assist in the preparation of documents associated with taking disciplinary action, under chapter 18.130 Wash. Rev. Code, with the exception of the staff attorneys employed by the WMC and NCQAC.

4. Marriage and family therapists licensed in the State of Washington are regulated by the DOH Secretary under chapters 18.225 and 18.130 Wash. Rev. Code. Chapter 18.225 Wash. Rev. Code also regulates the licensing and practice of mental health counselors and advanced and independent clinical social workers.

5. Wash. Rev. Code § 18.225.010(8) defines "marriage and family therapy" as "the diagnosis and treatment of mental and emotional disorders, whether cognitive, affective, or behavioral, within the context of relationships, including marriage and family systems. Marriage and family therapy involves the professional application of psychotherapeutic and family systems theories and techniques in the delivery of services to individuals, couples, and families for the purpose of treating such diagnosed nervous and mental disorders. The practice of marriage and family therapy means the rendering of professional marriage and family therapy services to individuals, couples, and families, singly or in groups, whether such services are offered directly to the general public or through organizations, either public or private, for a fee, monetary or otherwise."

6. Under Wash. Rev. Code § 18.225.030(4), the following is not subject to regulation under chapter 18.225 Wash. Rev. Code: "The practice of marriage and family therapy,

DECLARATION OF MARLEE O'NEILL IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION NO. 3:21-cv-05359-RJB

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  mental health counseling, or social work under the auspices of a religious denomination, church, or religious organization."

7. Chapter 18.130 Wash. Rev. Code, the Uniform Disciplinary Act (UDA), describes the process and procedures for denying license applications, taking disciplinary action against licenses, and taking action to stop the unlicensed practice of a profession regulated by DOH.

8. As provided in Wash. Rev. Code § 18.225.080 and § 18.130.040(2)(x), the DOH Secretary is the disciplining authority for the marriage and family therapy counselors licensed in Washington. Wash. Rev. Code § 18.130.050 lists the responsibilities of the disciplining authority, including granting or denying license applications and imposing sanctions on licensees upon finding an applicant or licensee has committed unprofessional conduct. The unprofessional conduct grounds for which the Secretary may take action against a health care professional's license are contained in Wash. Rev. Code § 18.130.180. Wash. Rev. Code § 18.130.180(27) lists "performing conversion therapy on a patient under age eighteen" as among the conduct, acts or conditions constituting unprofessional conduct. The term "conversion therapy" is defined in Wash. Rev. Code § 18.130.020.

9. As of May 13, 2021, the date Plaintiff filed his Verified Complaint for Declaratory and Injunctive Relief, DOH had received no complaints alleging conduct that may constitute a violation of Wash. Rev. Code § 18.130.180(27). As of that date, no charges alleging a violation of Wash. Rev. Code § 18.130.180(27) have been issued. DOH tracks complaints and its disciplinary actions in a database system referred to as the Integrated Licensing and Regulatory System (ILRS). Attached, as Attachment A, is the e-mail from Jeanine Johnson, ILRS System Support Supervisor for DOH, confirming that a search in ILRS for complaints and disciplinary actions between January 1, 2015 to May 20, 2021 revealed no complaints or disciplinary actions associated with the terms "conversion therapy" or "RCW [Wash. Rev. Code] 18.130.180(27)." As of the date of this declaration, I am unaware of any reports, complaints, or

DECLARATION OF MARLEE O'NEILL IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION NO. 3:21-cv-05359-RJB

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  charges alleging a violation of subsection (27). Therefore, no disciplinary action has ever been
2  taken based on Wash. Rev. Code §18.130.180(27).

3      10.    Under DOH's disciplinary process, when a report or complaint is received, a Case
4  Management Team (CMT) will conduct an initial assessment. *See id.* § 246-14-040(1). The
5  CMT is comprised of a Supervising Staff Attorney, Supervising Investigator, Case Manager, and
6  Executive Director (or designee). In the initial assessment, the CMT reviews the complaint to
7  decide if it alleges conduct which may be grounds for disciplinary action under Wash. Rev. Code
8  § 18.130.180 and Wash. Admin. Code § 246-14-040[1]. Those complaints alleging *prima facie*
9  unprofessional conduct are authorized for investigation and assigned to one of DOH's
10 investigators. An early step in the investigation is to send a letter to the licensee, notifying the
11 licensee that a complaint was received, describing the nature of the complaint, and asking the
12 licensee to provide a statement concerning the allegations made in the complaint, as provided in
13 Wash. Rev. Code § 18.130.095(1)(a). Depending on the nature of the complaint, investigations
14 may include contacting and interviewing witnesses; obtaining witness statements, including the
15 licensee's statement; and obtaining copies of relevant documents, including patient records.
16 Under Washington's Uniform Health Care Information Act, specifically, Wash. Rev. Code
17 § 70.02.050 (2)(a), DOH is authorized to obtain patient-specific health care records "when
18 needed to determine compliance with state or federal licensure, certification or registration rules
19 or laws, or to investigate unprofessional conduct or ability to practice with reasonable skill and
20 safety under chapter 18.130 [Wash. Rev. Code]." The federal HIPAA protection of health care
21 records contains a similar exemption in 45 C.F.R. § 164.512(d): "A covered entity may disclose
22 protected health information to a health oversight agency for oversight activities authorized by
23 law, including . . . civil, administrative, or criminal investigations; inspections; licensure or

---

[1] Chapter 246-14 Wash. Admin. Code provides "uniform procedural rules to respond to public inquiries concerning complaints and their disposition, active investigations, statement of charges, findings of fact, and final orders involving a license holder, applicant, or unlicensed person," Wash. Rev. Code § 18.130.095.

DECLARATION OF MARLEE O'NEILL
IN SUPPORT OF DEFENDANTS'
OPPOSITION TO MOTION FOR
PRELIMINARY INJUNCTION
NO. 3:21-cv-05359-RJB

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

disciplinary actions . . . ." The failure of a licensee to cooperate in an investigation is grounds for disciplinary action under Wash. Rev. Code § 18.130.180(8).

11. Upon completion of the investigation, the case manager or a staff attorney reviews the investigation report and presents it to the CMT, which decides whether (a) charges should be issued, (b) a less formal resolution should be offered (such as a Statement of Allegations and Stipulation to Informal Disposition in which the licensee does not admit any wrongdoing but agrees to take corrective action) or (c) the complaint should be closed without taking action because the investigation did not support the allegations. *See* Wash. Admin Code § 246-14-060.

12. If a decision is made to issue formal administrative charges, then a DOH Staff Attorney prepares a draft of the charging document, titled "Statement of Charges." *See id*. The draft Statement of Charges and the investigative file are referred to the Office of the Attorney General for a review of the investigation report, including the records and statements obtained. *See id.* § 246-14-090. When authorized and signed by an assistant attorney general, the documents are finalized, then served on the licensee by DOH, with an Answer to Statement of Charges and Request for Adjudicative Proceeding form and a Notice of Your Legal Rights and Interpreter Request form for the licensee to complete and return within twenty days to request a hearing, as provided in Wash. Rev. Code § 18.130.090. The served documents also include a proposed settlement in the form of Findings of Fact, Conclusions of Law, and Agreed Order (Agreed Order), which the licensee may sign and return if the licensee is willing to resolve the case without a hearing and as proposed in the Agreed Order. The Agreed Order proposes findings admitting to the conduct alleged in the Statement of Charges, cites to the laws violated in the conclusions of law, and proposes the sanction DOH is proposing in settlement to resolve the matter without a hearing. Otherwise, the licensee completes and returns the Answer to Statement of Charges and Request for Adjudicative Proceeding form, which begins the process for an administrative hearing. As required under Wash. Rev. Code § 18.130.100, the hearings are

DECLARATION OF MARLEE O'NEILL
IN SUPPORT OF DEFENDANTS'
OPPOSITION TO MOTION FOR
PRELIMINARY INJUNCTION
NO. 3:21-cv-05359-RJB

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  conducted under the Administrative Procedure Act, chapter 34.05 Wash. Rev. Code. DOH has
2  adopted Wash. Admin. Code ch. 246-10 specifying the procedural requirements for its
3  administrative hearing processes. If the licensee is interested in pursuing settlement negotiations,
4  the Answer to Statement of Charges and Request for Adjudicative Proceeding form includes the
5  option of continuing settlement negotiations and requesting a hearing should settlement
6  negotiations fail. This option is frequently requested by licensees and the case proceeds on dual
7  tracks on timelines specified in Wash. Admin. Code ch. 246-10 and ch. 246-14. Attached and
8  marked as Attachment B is a simplified graphic of the DOH disciplinary process. Attached and
9  marked as Attachment C is a sample "service packet", containing blank forms of a Statement of
10 Charges, Answer to Statement of Charges and Request for Adjudicative Proceeding form, Notice
11 of Your Legal Rights and Interpreter Request form and a proposed Findings of Fact, Conclusions
12 of Law, and Agreed Order.

13.    The complete range of sanctions that may be imposed upon a finding of unprofessional conduct are listed in Wash. Rev. Code § 18.130.160. Those sanctions include, among others, revocation or suspension of a license, requiring completion of a program of remedial education or treatment, monitoring of the practice by a supervisor, restriction or limitation of the practice, censure or reprimand, payment of a fine, corrective action, and compliance with conditions of probation. As required by Wash. Rev. Code § 18.130.390, DOH has adopted sanctioning schedules in Wash. Admin. Code §§ 246-16-800 through -890. As stated in Wash. Rev. Code § 18.130.160, when deciding what sanction to order, the disciplining authority "must first consider what sanctions are necessary to protect or compensate the public," but after doing so, the disciplining authority may "consider and include in the order requirements designed to rehabilitate the license holder." The sanctions for unprofessional conduct are civil and administrative in nature, not criminal.

14.    Based on my personal knowledge and experience at OILS, and in discussions I have had with DOH program staff, including James Chaney, Executive Director for a number of

DECLARATION OF MARLEE O'NEILL
IN SUPPORT OF DEFENDANTS'
OPPOSITION TO MOTION FOR
PRELIMINARY INJUNCTION
NO. 3:21-cv-05359-RJB

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

the behavioral health professions, including marriage and family therapists, if a marriage and family therapist is uncertain about whether particular conduct might constitute unprofessional conduct under state law, the therapist may ask the DOH program staff if specific types of conduct would be considered unprofessional conduct. DOH would not provide a definitive answer, but would offer generalized guidance, while also suggesting that the health care provider consult with a private attorney or the professional association if the provider wanted a more definitive answer based on the actual facts and circumstances in which the provider is engaged or is planning to engage. By involving the agency *before* undertaking possible unprofessional conduct, a provider may be able to receive guidance that could help the provider to tailor his or her practice to better assure that it does not cross into unprofessional conduct.

DATED this 23rd day of June, 2021, at Olympia, Washington.

*Marlee B. O'Neill*

MARLEE O'NEILL, Deputy Director
Office of Investigative and Legal Services
Health Systems Quality Assurance Division
Washington State Department of Health

DECLARATION OF MARLEE O'NEILL
IN SUPPORT OF DEFENDANTS'
OPPOSITION TO MOTION FOR
PRELIMINARY INJUNCTION
NO. 3:21-cv-05359-RJB

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## **DECLARATION OF SERVICE**

I hereby declare that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System which will send notification to all counsel of record.

DATED this 25th day of June, 2021, at Seattle, Washington.

*/s/ Brendan Selby*
BRENDAN SELBY, WSBA #55325
Assistant Attorney General

DECLARATION OF MARLEE O'NEILL
IN SUPPORT OF DEFENDANTS'
OPPOSITION TO MOTION FOR
PRELIMINARY INJUNCTION
NO. 3:21-cv-05359-RJB

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744