UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN TINGLEY,<br><br>                      Plaintiff,<br>   v.<br><br>ROBERT W. FERGUSON, in his official capacity as Attorney General for the State of Washington, UMAIR A. SHAH, in his official capacity as Secretary of Health for the State of Washington, and KRISTIN PERERSON, in her official capacity as Assistant Secretary of the Health Systems Quality Assurance Division of the Department of Health,<br><br>                      Defendants. | CASE NO. 21-5359 RJB<br><br>ORDER ON MOTION OF EQUAL RIGHTS WASHINGTON FOR PERMISSION TO INTERVENE AS PARTY DEFENDANT PURSUANT TO RULE 24(B) |

      THIS MATTER comes before the Court on Equal Rights Washington's Motion for Permission to Intervene as Party Defendant Pursuant to Rule 24(b). Dkt. 16. The Court has considered the pleadings filed regarding the motion and the remaining file.

      On May 13, 2021, Plaintiff Brian Tingley, a licensed Marriage and Family Therapist, filed this case challenging a 2018 amendment to Washington's Uniform Disciplinary Act, RCW

ORDER ON MOTION OF EQUAL RIGHTS WASHINGTON FOR PERMISSION TO INTERVENE AS PARTY DEFENDANT PURSUANT TO RULE 24(B) - 1

§ 18.130.010, *et. seq.* ("Amendment"), which prohibits licensed mental health providers from performing sexual orientation or gender identity conversion therapy on minor patients, RCW § 18.130.180(27). Dkt. 1. After the disputed Amendment, the Uniform Disciplinary Act includes the following relevant definitions:

> (a) "Conversion therapy" means a regime that seeks to change an individual's sexual orientation or gender identity. The term includes efforts to change behaviors or gender expressions, or to eliminate or reduce sexual or romantic attractions or feelings toward individuals of the same sex. The term includes, but is not limited to, practices commonly referred to as "reparative therapy."
>
> (b) "Conversion therapy" does not include counseling or psychotherapies that provide acceptance, support, and understanding of clients or the facilitation of clients' coping, social support, and identity exploration and development that do not seek to change sexual orientation or gender identity.

RCW § 18.130.020(4). The Plaintiff brought this case for declaratory relief against the Washington State Attorney General and other state officials (collectively "State") arguing that the Amendment violates: (1) the Plaintiff's First Amendment free speech rights, (2) his clients' First Amendment free speech rights, (3) the Plaintiff's Fourteenth Amendment right to due process because the Amendment is impermissibly vague, and (4) the Plaintiff's First Amendment right to freely exercise his religious beliefs. Dkt. 1.

Equal Rights Washington ("ERW"), an organization that advocates for the state's lesbian, gay, bisexual, transgender and queer ("LGBTQ") residents, move to intervene as a party defendant in pursuant to Fed. R. Civ. P. 24(b), "Permissive Intervention." Dkt. 16. The Plaintiff opposes the motion. Dkt. 24. The State did not respond to the motion. ERW filed a reply (Dkt. 25) and the motion is ripe for review.

## DISCUSSION

**A.  STANDARD ON PERMISSIVE INTERVENTION UNDER RULE 24(b)**

ORDER ON MOTION OF EQUAL RIGHTS WASHINGTON FOR PERMISSION TO INTERVENE AS PARTY DEFENDANT PURSUANT TO RULE 24(B) - 2

1    Fed. R. Civ. P. 24(b)(1) provides, in relevant part, that "the court may permit anyone to
2    intervene who . . . has a claim or defense that shares with the main action a common question of
3    law or fact." Rule 24(b)(3) goes on to provide that "[i]n exercising its discretion, the court must
4    consider whether the intervention will unduly delay or prejudice the adjudication of the original
5    parties' rights." In the Ninth Circuit, "permissive intervention requires (1) an independent
6    ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between
7    the movant's claim or defense and the main action." *Freedom from Religion Found., Inc. v.*
8    *Geithner*, 644 F.3d 836, 843 (9th Cir. 2011).

9    **B.  ERW'S INTERVENTION**

10    ERW's motion for permission to intervene (Dkt. 16) should be granted. The Plaintiff
11    does not contest that there is an independent ground for ERW's intervention or that the motion
12    was timely. ERW has sufficiently shown that it shares a common claim or defense here. ERW
13    plans to defend the constitutionality of the Amendment and so it shares a common question with
14    the main action. Further, its intervention will not unduly delay or prejudice the adjudication of
15    the original parties' rights. The case was filed only a little over a month ago. Parties do not
16    anticipate completing briefing on the Plaintiff's motion for preliminary injunction and motion(s)
17    to dismiss until mid-August to late-August. While the Plaintiff complains about being forced to
18    respond to a second motion to dismiss, that is not an uncommon event in any litigation.
19    Additionally, other factors support ERW's intervention: it will contribute to the development of
20    the factual issues.

21    The Plaintiff argues that the motion should be denied because ERW did not comply with
22    Rule 24(c) which provides that, "[t]he motion [to intervene] must state the grounds for
23    intervention and be accompanied by a pleading that sets out the claim or defense for which

24

ORDER ON MOTION OF EQUAL RIGHTS WASHINGTON FOR PERMISSION TO INTERVENE AS PARTY
DEFENDANT PURSUANT TO RULE 24(B) - 3

intervention is sought." The Plaintiff properly acknowledges that Ninth Circuit has adopted a relaxed standard of this Rule, not requiring that the pleading be attached where "the court was otherwise apprised of the grounds for the motion." *Beckman Industries, Inc. v. International Ins. Co.,* 966 F3d. 470, 474 (9th Cir. 1992). The court is so apprised here. The motion (Dkt. 16) should be granted and ERW should be added as a defendant in this case.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 28th day of June, 2021.

                                                                  *Robert J. Bryan*
                                                                  ROBERT J. BRYAN
                                                                  United States District Judge